Chief Justice Robertson
delivered the opinion of the Court.
A verdict and judgment having been rendered against David Kimberlin, on the general issue, in an action of assumpsit, instituted against him by the administrator of Nathan Faris, deceased, he now seeks a reversal, on the ground that (as he insists,) the Circuit Court erred in overruling a motion tor a new trial made by him, on his affidavit averring that he had been surprised by the rejection by the Court, of a deposition offered to be read by him on the trial, and which testified that he had delivered to Farris, in Georgia, eighty dollars to be carried to his (Kimberlin’s) wife in this State, and averring also, that the only reason for the rejection of the deposition was, that the notice for taking it had not designated the house in which it was to be taken, and that he had not discovered that defect in the notice until the objection was made to the deposition on the trial.
If the fact proved in the deposition were material to the issue, and if also the affidavit be sufficient to prove that the deposition was rejected and solely on the ground stated, we should have to decide whether the defect in the notice was of such a character as to allow the inference that Kimberlin may, without any reprehensible negligence, have been ignorant of it; and that therefore he was surprised by the rejection of the deposition.
But the record does not show, by bill of exceptions or otherwise, what the evidence was, upon either side, on the trial. The clerk has incorporated with the record some depositions purporting to prove, that Faris having died before he reached Kentucky, Kimberlin afterwards received, from the gentleman at whose house he had died, about one hundred and twenty six dollars of *534 the money in his possession at the time of his death, and for which this suit was brought. If these facts appeared on the trial, the rejected deposition may have been important, as it might have proved that Kimberlin might have had a right to retain eighty dollars of the money for which he was sued. But the fact that depositions have been embodied in the record by the clerk, is altogether insufficient to authorize this Court to determine, judicially, that they were read on the trial.
And the affidavit alone is equally insufficient to show that the deposition, to which it refers, was ever rejected or offered. Possibly the Circuit Court overruled the motion for a new trial, because the deposition had not been offered, or, if offered, had not been rejected, or had been rejected for some other cause than that stated in the affidavit.
For want, therefore, of proper facts in the record, we cannot decide that the Circuit Judge erred—for we must presume that his judgment was right, as the contrary does not appear from facts indisputably established by the record.
And though, if the affidavit be true, this case may seem to be a hard one, the apparent hardship may, nevertheless, not be irremediable; for, as there was no plea or notice of set-off, it is far from being improbable that there has been no such litigation as would preclude Kimberlin from maintaining an action of assumpsit for the eighty dollars bailed by him with Faris.
But however this may be, we cannot, upon the record now before us, reverse the judgment of the Circuit Court.
Wherefore, that judgment is affirmed.