CASE 24—ORDINARY—DECEMBER 23.

## Harvey vs. Payne.

<div style="float:right">2mc 451<br>f130 24</div>

APPEAL FROM BRACKEN CIRCUIT COURT.

1. It is well settled that the inferior court must be presumed to have done right until the contrary appear. Everything necessary to sustain its judgment will be presumed which is not inconsistent with the facts stated in the record. The legal presumption is always in favor of the correctness of its decision. (4 *Dana*, 336; 5 *Ib.*, 533.)

2. Where the defendant fails to appear at the trial, and the action is founded on contract, the court has a right to try the cause and render a judgment.

3. Upon an appeal to the court of appeals in a case where no petition is copied into the record from the circuit court, yet the summons issued by the clerk of the court below, served on the defendant, commanded him to answer a petition which had been filed against him, and the account which was filed with the petition is copied and made part of the record, and the judgment states that the debt claimed in plaintiff's petition is the amount adjudged against the defendant. *Held*—That the record contains enough to sustain the judgment.

CHAS. B. THOMAS for appellant.

J. N. FURBER, on same side, cited *Civil Code, title* 7.

F. T. HORD for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted to reverse a judgment of the circuit court, which was rendered against the appellant, in an action brought against him by Payne.

No petition is copied into the record, and it is insisted, on behalf of the appellant, that the judgment must be deemed erroneous, inasmuch as it was not authorized by anything contained in the record.

The summons which was issued by the clerk and served on the appellant, commanded him to answer a *petition* which Payne had filed against him; and the account which was filed with the petition is copied and made a part of the record. The judgment also states that the debt claimed in the plaintiff's petition is the amount adjudged against the defendant. There is enough, therefore, in the record to establish the fact that the plaintiff in the action filed a petition, which was before the court and acted upon when the judgment was rendered, but has been since lost or mislaid, and for that reason has not been copied into this record.

It is a well settled legal principle, that the inferior court must be presumed to have done right until the contrary appear. Everything necessary to sustain its judgment will be presumed which is not inconsistent with the facts stated in the record. The legal presumption is always in favor of the correctness of its decision. (*Venable vs. McDonald*, 4 *Dana*, 336; *Kimberlin vs. Faris*, 5 *Dana*, 533.)

As the petition upon which the judgment was rendered has been lost, and we are, therefore, unable to determine that its allegations were insufficient to authorize the judgment that was rendered in the action, the presumption in favor of the correctness of the judgment must prevail; from which the conclusion arises, that the facts set forth in the petition were sufficient to authorize the judgment.

As the defendant failed to appear at the trial, and the action was founded on contract, the court had a right to try the cause and render a judgment.

The record, therefore, independently of the effort to amend it, contains enough to sustain the judgment appealed from.

Wherefore, the judgment is affirmed.