Phillips vs. Tucker, &c.

CASE 18————JUNE 22.

## Phillips vs. Tucker, &c,

3me 69|
120 676|

APPEAL FROM MARION CIRCUIT COURT.

Viewers of a road, whose report is quashed by the county court, have no authority to make a second report without a new appointment.

It is the duty of viewers of a road to describe the route laid out for the road by metes and bounds and by courses and distances.

The viewers of a road should fix its commencement and termination by some visible object sufficient to determine their exact locality. Where the only mode of determining the beginning point is by reversing the courses as run by the surveyor, the report is insufficient.

The report of the viewers of a road describes the beginning place as "a point on the turnpike road which leads from L. to B., on the land of P., near the corner of said P.'s orchard, where the turnpike makes a bend or crook," and the surveyor's report is referred to for the metes and bounds, courses and distances, which does not fix the beginning point with more certainty than the report of the viewers. *Held*—that the report of the viewers is insufficient.

That one of the viewers of a road was the brother-in-law of the plaintiff in the motion is sufficient to render the report illegal, and to authorize the court to quash it.

SHUCK & WOODS for appellant, cited 5 *Dana*, 298 ; *Civil Code*, *sec.* 345 ; *Rev. Stat.*, *vol.* 2, *chap.* 84, *sec.* 2, *page* 287 ; 14 *B. Mon.*, 425 ; 1 *Littell*, 196.

ROUNTREE & FOGLE, for appellees, cited 2 *Rev. Stat.*, *sec.* 8, *chap.* 84, *page* 287 ; *Ib.*, *chap.* 84, *secs.* 3, 4, 5, *and* 10, *page* 286 ; *Ib.*, *chap.* 84, *sec*, 18.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The Marion county court, at its January term, 1858, entered. up an order appointing three persons, who, or any two of them, were authorized to view the ground along which it was proposed to open a road, from the turnpike road that leads from Lebanon to Bradfordsville to the Liberty meeting house.

Two of the persons, thus appointed as viewers, made a report at the ensuing February term of the court, to which exceptions were filed by the appellant, and at a subsequent term the exceptions were sustained, and the report quashed.

Another report was afterwards made under the same order, which was also excepted to, and the county court entered up a final order refusing to establish the proposed road, and dismissing the application.

Upon an appeal to the circuit court, the order of the county court, quashing the first report made by the viewers, and also the order refusing to establish the road, were reversed, and the road was ordered to be opened and established as reviewed and laid out by the viewers in their first report.

From the judgment of the circuit court Phillips, over whose land the proposed road will run, has appealed to this court.

As the viewers had no authority to make a second report without a new appointment, the only question before this court is, was the first report made by them sufficient to justify the circuit court in ordering the road to be established according to that report.

The law makes it the duty of the viewers to describe the route laid out by them for the road by *metes* and bounds, and by courses and distances.

The report in this case, in describing the place where the road shall commence, states that it is a point on the turnpike

road which leads from Lebanon to Bradfordsville, on the land of Felix G. Phillips, near the corner of said Phillip's orchard, where the turnpike makes a bend or crook, and the report of the surveyor is referred to as designating the metes and bounds, and courses and distances of the route.

The surveyor's report does not, however, fix the beginning point with any more certainty than the report of the viewers. If it can be ascertained at all by the surveyor's report, it can only be done by commencing at the mouth of the lane, and running back to the turnpike road, reversing the courses, until the road is reached. This would, however, leave it indefinite and uncertain, as the identical same point might not be reached by any two experiments which might be made to ascertain its locality. A road cannot, with any propriety, be said to be meted and bounded when the route thereof, including the place of beginning, can only be thus ascertained. The law requires that it shall be meted and *bounded* by the viewers, and to comply with this requisition the points of its commencement and termination at least should be fixed by some visible object, sufficient to determine their exact locality.

If, however, no other objection had been made to the report of the viewers, than that contained in the second exception thereto, filed by the appellant, viz: that one of the viewers was the brother-in-law of the plaintiffs in the motion, that of itself was sufficient to render the report illegal, and to authorize the court to quash it.

The statute requires that *fit* and able persons shall be appointed as viewers by the county court. The brother-in-law of a party to the motion cannot be said to be a *fit person* to act as a viewer. If any person whatever may act in that capacity, then it was entirely unnecessary to require the court to appoint fit and able persons as viewers. The law intends, by this requisition, that persons shall be appointed as viewers who apparently stand indifferent between the parties, and who are fit to act with impartiality in the matter. A person as closely connected with one of the parties as brother-in-law is, cannot, with any regard to propriety, or with a due sense of justice, be said to be a fit person to ascertain any of the mat-

ters of controversy between them.   We are therefore of the opinion that the order of the county court quashing the report was right on this ground alone, if there had been no other objection to it.

Wherefore, the judgment of the circuit court is reversed, and cause remanded with directions to enter a judgment affirming the order of the county court.