CASE 7—COUNTY COURT ORDERS—JAN. 11.

## Mitchell, &c. v. Bond, &c.

APPEAL FROM CARROLL CIRCUIT COURT.

1. HOW JURISDICTION IS ACQUIRED BY COUNTY COURT to discontinue a road or to erect gates across a road.

*One month's previous notice in writing,* posted up at the court-house door of the county and at three of the most public places in the vicinity of the road, is necessary to give the county court jurisdiction to make an order appointing viewers to report on the proposition to discontinue a road or to erect gates across a road. (Sec. 13, art. 1, chap. 94, General Statutes.)

*It ought to appear in the record that such notice was given,* otherwise the order to discontinue a road or to erect gates across a road can not be sustained.

2. AN ORDER OF THE COUNTY COURT FILING A SECOND BILL OF EXCEPTIONS several months after an appeal had been prayed to and filed in the circuit court *is held to be void.*

W. B. & H. M. WINSLOW, . . . . . . For Appellant,

CITED

General Statutes, chap. 94, art. 1, sec. 13, p. 762.
Civil Code, sec. 364.
2 Met. 378, Tweedy v. Commonwealth.
17 B. Mon. 607, Freeman v. Branham, &c.

2 Met. 425, Vandever v. Griffith.
2 Met. 297, Allard v. Smith.
3 Met. 283, Bond v. Mullins.

MASTERSON & GARNET, . . . . . . . For Appellees,

CITED

General Statutes, chap. 94, sec, 2, p. 759.
7 Bush, 623, Helm, &c. v. Short, &c.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

"Before any order shall be made appointing viewers to report on a proposition to discontinue a road, or to erect gates across a road, the person applying for such order shall give one month's previous notice of such application, by notice in writing, posted up at the court-house door of the county, and at three of the most public places in the vicinity of the road." (Sec. 13, art. 1, chap. 94, General Statutes.)

The notice here required to be given is necessary to give the court jurisdiction to make an order appointing viewers to report on a proposition to discontinue a road, or to erect gates across a road, and it ought to appear in the record that such notice was given, otherwise the order to discontinue a road or to erect gates can not be sustained.

Counsel argue, however, that the appellants having appeared and resisted the making of the order to authorize gates to be erected, and not having objected either in the county or circuit court to the absence of the necessary notice, can not raise that question for the first time in this court.

In actions or proceedings against individuals the sole object of process is to bring the defendants into court, and if, being *sui juris*, they appear without process and make defense, they will not be heard afterward to object that they were not legally notified of the proceeding. By appearing and making defense individuals waive process; but the object of the notice required by the section *supra* is to give notice to the public at large, and to enable any citizen who may wish to do so to

appear and resist the making of the order applied for, and any one who does appear thereby becomes the representative of the public, but he can not waive the rights of the public, and, by his mere silence give the court jurisdiction of a matter affecting the interest of the public of which it would, but for such silence, have had no jurisdiction.

If one or two persons may, by appearing to such a proceeding and failing to object for want of notice, give the court jurisdiction and thereby dispense with notice altogether, the public may be bound by collusive proceedings seriously affecting its rights and convenience. The statute is plain and simple and may be easily complied with, and there is less danger of injustice being done by requiring it to be followed than from establishing a precedent which might be easily used to the inconvenience and injury of an entire community.

The order in this case authorizing the erection of gates was made at the February term (1875) of the Carroll County Court, and an appeal was then prayed to the circuit court, and a bill of exceptions was signed and made part of the record at the same term, and during that month an appeal bond was executed and the appeal filed in the circuit court. June 5th following, the county court, on the motion of the appellees (applicants for the order to erect gates), made an order, filing an additional bill of exceptions containing evidence that notice had been given of the application for the order to appoint viewers, and that additional bill is in the record before us.

Waiving the question whether the notice proved was sufficient, we think it clear that the county court had at the time no power to amend the record. At the time the amendment was attempted the cause was pending in the circuit court, and the order of the county court was void.

If upon the return of the cause to the county court it shall be proved to the satisfaction of the court that legal notice was given of the application for the appointment of viewers, the

court should then make the appointment, if it shall deem it proper to do so, and proceed with the cause, but if such proof be not made, or the court should not deem the appointment proper, the proceeding should be dismissed.

Judgment reversed, and the cause remanded to the circuit court, with directions to reverse the order of the county court and remand the cause for further proceedings not inconsistent with this opinion.