CHIEF JUSTICE PETERS
delivered the opinion oe the court.
This was a proceeding commenced in the Henry County Court by the appellee to obtain an alteration of the location of a part of a public road in that county. The proposed alteration passes over the land of the appellant, and also of several other persons, all of whom consent to the change and have released the right of way.
The viewers appointed made a report, which, on exceptions filed by the appellant, was adjudged bad, and leave was given to the viewers to amend their report, which was done; but only two of the three viewers signed the amended report.
The appellant excepted to the amended report upon various grounds; but his exceptions were all overruled, and a writ of ad quod damnum was issued, and a verdict returned awarding the appellant the sum of $25 as compensation for the land taken, and $100 for additional fencing rendered necessary by the change, and finding that the damages to the residue of the tract consequent upon the change did not exceed the benefits resulting therefrom to such residue.
To this he also filed various exceptions, all of which were overruled; and an order was made establishing the proposed alteration pursuant to the report, and in effect directing the compensation to.the appellant and the cost of the proceeding to be paid by the county.
From the judgment establishing the alteration the appellant appealed to the Henry Circuit Court, and thence to this court.
Objection was taken by the exceptions to the order allowing an amendment of the report, upon the ground that it does not appear that the viewers desired to amend it.
The statute provides (section 7, article 1, chapter 94, General Statutes) that, by leave of court, the report of the viewers may be amended by them, if they shall so desire, at any time before final action thereon.
*162 . There was no exception. to the order giving leave to amend, and even conceding that the court erred in permitting the amendment to be made, the error was waived by failing to except to the order allowing it to be done.
It was also objected that the report was defective because it did not give the metes and bounds of the proposed change. The courses and distances are given, and the width of the road is fixed by the order establishing the alteration; but neither that order nor the report indicates on which side of the single line run and reported as the route the road is located; and the question arises, is the running a single line on the proposed route a substantial compliance with the statute, which requires the report to describe the route laid out and reported by metes and bounds and by general courses and distances?
It is insisted that to give the metes and bounds of a parcel of land is to give the boundary lines, with their terminal points and angles, and thereby to include the land within those lines, and in order to describe a road by metes and bounds the lines on both sides must be given.
The law does require that the route shall be meted and bounded by the viewers, and to comply with this requisition the points of its commencement and termination at least should be fixed by some visible object sufficient to determine their exact locality.
This was determined by this court in Phillips v. Tucker, &c. (3 Met. 69). It was, however, deemed sufficient there if the exact locality of the points of beginning and termination of the route were fixed in the report of the viewers. The report in that case described the commencement at a point on the turnpike road which leads from Lebanon to Bradfordsville, on the land of Felix G. Phillips, near the corner of said Phillips’s orchard, where the turnpike makes a bend or crook; and that report was deemed insufficient by this court, not because it failed to fix with exact certainty two places of beginning thirty *163 feet apart, if the road was thirty feet wide, or two places distant apart the width of the road. Nor is it intimated in that or any other case decided by this court that two lines were necessary in order to a substantial compliance with the requirements of the statute.
In Wood v. Campbell (14 B. Mon. 339) one of the objections urged by counsel to the establishment of the road was that the report of viewers failed to describe the route of the proposed road by metes and bounds, courses and distances; and the court, in responding to that objection, said: “The points of commencement and termination were given in the order, which also contains a general direction as to the manner in which the road should pass over the intervening space. This was sufficiently certain.”
We are not aware of any case in which a report of viewers has been held insufficient because the road was not bounded by two parallel lines on the opposite sides of the road, including it within those external lines; but upon a careful examination of the reported cases we are satisfied that it has heretofore been deemed a sufficient meting and bounding of a proposed road to fix with certainty and distinctness the points of beginning and of termination, and the location of the road from the one to the other of those points by a survey, and fixing the width of the road, making the line of the survey the center thereof.
We have not been able to examine the original records of the reported cases, because they were destroyed by the burning of the office of this court; but, from the language of the opinions in said cases, we think it is clearly to be inferred that but one line was surveyed, and that was deemed sufficient; and if so, the long acquiescence in that construction of the statute should not now be disturbed. Nor do we see that any injury or inconvenience is likely to result to parties thereby.
We are therefore of opinion that the established rule in *164 such cases is that the line run by a surveyor from a point located with certainty as the place of beginning, and running thence to a point equally certain as the terminus of the route, will be in law the center of the road or route.
Wherefore the judgment is affirmed.