CASE 77.—PROCEEDING TO CHANGE COUNTY ROAD.—MAY 24.

# Ford v. Collins & Others.

### APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR CHANGING THE ROAD AND DEFENDANT APPEALS. AFFIRMED.

HIGHWAYS—PROCEEDING TO CHANGE—NECESSITY OF FILING PETITION IN OPEN COURT—WAIVER ON FAILURE TO NOTE FILING OF RECORD.

Held: 1. Under Kentucky Statutes. secs. 4289, 4290, a petition to change a county road should be filed in open court at a regular term of the county court, after due notice by advertisements as re-

quired by the statute, and the filing should be noted of record, but where the case was tried upon the assumption that the petition had been properly noted of record, and appellant, who resisted the proposed change, entered his appearance by filing exceptions to the report of the commissioners appointed to view the proposed change, appellant can not on appeal take advantage of the failure of the clerk to note the filing of the petition of record, especially when he was not prejudiced thereby.

2. The order appointing commissioners to view a proposed change in a county road need not recite in detail the names of the parties upon whose application it is made.

3. Upon appeal from an order changing a county road the court of appeals has jurisdiction only of matters of law arising on the record.

MITCHELL & DUBOSE ATTORNEYS FOR APPELLANT.

1. Under the law set forth in the *General Statutes*, any person might by motion in the county court, obtain an order for the appointment of reviewers. The *present statute* requires a *written petition*, signed by five land owners, to be presented to and acted on by the court before an order can be properly made for the appointment of commissioners. Gen. Stat., chap. 94, art. 1, secs. 2 and 13; Ky. Stat., secs. 4289 to 4291; Portland, &c., Turnpike Co. v. Robb, 88 Ky., 226.

2. An order for the appointment of commissioners, which fails to state the names of the applicants, is fatally defective. New v. Ewing, 1 A. K. Marshall, 55.

3. The alleged petition is endorsed "Filed in open court, W. H. Edley, clerk." This does not make the paper a part of the record. L. & N. R. R. Co. v. Mayfield, 18 Ky. Law Rep., 224.

4. The order book is the mirror of the Court, and reflects all the Court's actions. Recitals in an order is conclusive on an appeal. The *absence* of an order is conclusive that no order was made, in the absence of a bill of exceptions showing otherwise. The certificate of a clerk can not supply the deficiency in the order book, nor take the place of a bill of exceptions. Smith v. Spaulding, 3 Robt., N. Y., 615.

5. In this case there was no order reciting that the Court had received or acted on a petition, or permitting or directing a petition to be filed. The paper in the transcript called a petition is not a part of the record.

EDWARD W. HINES AND SIMS & COVINGTON FOR APPELLEES.

1. A petition to the county court to open or alter a road need not be filed of record in order to give the court jurisdiction of the

proceeding. It is sufficient that the order shows that the petition was considered by the Court. Ky. Stat., secs. 4289, 4290, 4294; Mitchell v. Bond, 11 Bush, 614; Garrett v. Hedges, &c., 13 Ky. Law Rep., 647.

2. As only "matters of law arising on the record" can be considered on appeal to the court of appeals, there must be a separation by the circuit court of matters of law from matters of fact to authorize the court of appeals to reverse. Ky. Stat., sec. 4303; Welch v. Ward, &c., 6 Ky. Law Rep., 584.

OPINION OF THE COURT·BY'JUDGE BURNAM—AFFIRMING.

In January, 1898, appellees instituted a proceeding in the Warren County Court, under the provisions of chapter 110 of the Kentucky Statutes, to change ·the county road running from Smiths Grove to the Oakland road· so as to run the new road through a tract of land owned by the appellant, J. W. Ford, thereby appropriating a strip of his land ninety-nine poles in length and thirty feet in width, and cutting off from the main body of his farm about forty acres of his tract. Appellant resisted the proposed change in the county road, but the· matter finally resulted in a verdict and judgment of the circuit court making the change, and allowing him $191.25 by way of damages. We are asked upon this appeal to reverse that judgment chiefly because it is contended that the record· of the county court does not show that the petition of appellees filed with the clerk was noted as filed upon the records of the court, and for the additional reason that the order of the county court appointing the commissioners to view the proposed ·change does not state at whose instance, or ·upon whose application, the order is made. It is very earnestly insisted for appellant that these omissions render the whole· proceeding void, and to support this contention counsel refer to the case of New v. Ewing, 1 A. K. Marsh., 55. The petition filed with the clerk is in conformity with the re-

quirements of section 4289 of the Kentucky Statutes, being signed by five landholders of the county, and setting forth a description of the road and the change proposed to be made therein, and when delivered to the county court clerk was indorsed by him: "Filed in open court with motion for a change in road. This January 24, 1898." And a copy of the notice, as required by section 4290 of the Kentucky Statutes, was filed, and made a part of the petition, but there was no corresponding entry made upon the order book of the county court noting the filing of the petition or notice. After the filing of the petition, and on the same day, the county court entered this order: "On motion of J. C. Cullins, Jr., et al., the court being satisfied that proper notice had been given, it is ordered that John C. Ellis, Joseph Scribner, and Harry Greene be, and thereby are, appointed commissioners, after being first duly sworn, to assess the damages of the owner, owners, or tenants, if any may be entitled to receive, on account of the proposed change in the Smiths Grove and Oakland road leading from Smiths Grove Cemetery to Oakland;" the order going on to recite in detail the proposed change, and the further fact that, "it appearing from the application herein that said proposed change will be greatly to the convenience of the traveling public." Section 4290 of the Kentucky Statutes is in these words: "Previous to the filing of any petition mentioned in the preceding section, notice thereof shall be given by posting written or printed advertisements in at least five of the most public places in the district or districts in which said road shall be located for at least twenty days prior to the term of court at which such petition is to be presented, and which notice shall state the time when such petition is to be presented, and the sub-

stance thereof shall be filed with the petition." It is
obvious from this provision of the statute that a petition
to open, change, or discontinue a county road should be
filed in open court, at a regular term thereof, after due
notice by advertisements as required by the statute, and,
like all other steps and proceedings taken in a court of
record during the sitting of the court, should have been
noted as filed upon the records of the court; but it is ap-
parent from the entire proceedings in this case, both in
the county and circuit court, that the petition was treat-
ed as having been properly noted of record, and the case
tried out upon this assumption; and, while appellant did
make a motion to dismiss the proceeding and quash the
report of the commissioners, there was nothing in the
motion calling the attention of the court to the particular
error now relied on; and, as the commissioners acted un-
der the order of appointment, and appellant entered his
appearance by filing exceptions to this report, we think it
is now too late to take advantage of this error of the
clerk, especially as appellant is in no wise prejudiced
thereby. Under the provisions of the General Statutes
an application to open a new road, or to change an old
one, could be made by motion, provided the usual notice
had been given in writing of the proposed application;
but the act of 1894, which is chapter 110 of the Kentucky
Statutes, made a material change in these proceedings by
requiring that such application should be by written
petition, signed by at least five landholders of the county,
and setting forth a description of the road, etc. It was
much more important, under the old form of proceeding,
that the order of the county court appointing commission-
ers should set out the jurisdictional facts which author-
ized the order than under the present system, as now the

petition itself supplies all necessary information of these points; and section 4291 of the Kentucky Statutes only requires that, when a petition is filed, the county court should be satisfied that proper notice has been given of the application to authorize the appointment of three im- partial housekeepers of the county as commissioners to assess damages; and it was not important that the order appointing commissioners should have recited in detail the names of the parties upon whose application it was made. As this court has only jurisdiction of matters of law arising on the record in cases of this character, the judgment must be affirmed.