CASE 3.—PROCEEDINGS BY PAUL E. GERARD AND OTHERS TO OPEN A NEW ROAD TO WHICH THE LOUIS-VILLE & NASHVILLE R. R. CO. WAS MADE A PARTY DEFENDANT AND FILED EXCEPTIONS.— October 22.

## L. & N. R. R. Co. v. Gerard, &c.

Appeal from Warren Circuit Court.

John M. Galloway, Circuit Judge.

From the judgment in the Circuit Court, defendant appealed.—Affirmed.

1.  Highways—Opening Proceedings—Jurisdictional Facts.—That the petition to the county court to have a new road opened shall be signed by at least five landowners of the county, as required by Ky. Stats., 1903, section 4289, and that prior to filing of the petition notice shall be given, as required by section 4290, are indispensable jurisdictional facts that must be made to appear in that court, either by the record or the introduction of evidence.

2.  Same—Burden of Proof.—It being necessary to affirmatively show, if it is denied, that the petition to the county court to

open a new road was signed as required by Ky. Stats., 1903, section 4289, and that notice prior to the filing of the petition was given as required by section 4290, these being jurisdictional facts, petitioners have the burden of proof thereon, on exceptions being filed pointing out non-compliance with such requirements.

3. Same—Appeal to Circuit Court—Trial De Novo.—Under Ky. Stats., 1903, section 4303, providing that appeal to the circuit court from the decision of a county court ordering a new road to be opened shall be tried de novo, petitioners for the road must, on such appeal, prove anew in the circuit court jurisdictional facts put in issue by exceptions filed in the county court and brought by the appeal to the circuit court.

4. Same—Appeal—Record.—To sustain on appeal the judgment of the circuit court rendered on appeal thereto from the decision of the county court ordering a new road to be opened, it is not necessary that the record affirmatively show that the circuit court heard evidence. on jurisdictional facts put in issue by exceptions filed in the county court and brought to the circuit court by the appeal thereto; but it is enough that the record does not affirmatively show the contrary, as it does not by the certificate of the clerk, that "the foregoing pages contain a true, correct, and complete transcript of the entire record"—the circuit court, in disposing of the exceptions, having the right to hear oral evidence, and it being presumed, in favor of its judgment, reciting that "the court, being advised, adjudges that said exceptions be and the same hereby are overruled," that the court did hear evidence in support of the facts in issue by the exceptions.

5. Same—Swearing Commissioners—Waiver.—The swearing, as directed by Ky. Stats., 1903, section 4291, of commissioners appointed to assess damages for opening a new road to faithfully and impartially discharge their duty, not being jurisdictional, is waived by failure to file an exception on that account in the county court.

6. Same—Issues Made by Exceptions—Trial by Jury.—The provision of Ky. Stats., 1903, section 4296, that when, in proceedings to have a new road opened, exceptions shall be filed by either party, the court shall, unless the parties agree that it may try such issues, impanel a jury to try the issue of fact made by the exceptions, applies to questions of fact growing out of the necessity for opening the road and the amount of damages awarded, and does not apply to exceptions pointing out as errors that the jurisdictional requirements of sec-

tions 4289, 4290, as to the signing of the petition for the road and the giving of notice, were not complied with.

CHAS. H. MOORMAN SIMS, DUBOSE & RODES and B. D. WARFIELD attorneys for appellant.

1. No proof was made that the notices required ·by statute were posted. (See Mitchell v. Bond, 11 Bush 614.)

2. Notice is a jurisdictional fact. (See Portland & Greenwood Company v. Bobb, 88 Ky. Law Rep. 230; Ky. Stats, section 4289.)

3. The commissioners were not sworn. (See Pollard v. Ferguson, 1 Monroe 57.) .

W. B. GAINES for appellees.

1. A bill of exceptions can not be supplied by the averments of counsel for appellant, in a brief.

2. The recitals of an order are taken as true until disproved. (Hopkins County v. Bernard Coal Co., 24 Ky. Law Rep. 942; Ford v. Cullins, 108 Ky. 553.)

3. The burden was on the appellant to sustain its exceptions, and in the absence of a bill of exceptions, this court must presume that all things were proved necessary to sustain the judgment.

4. The two exceptions to jurisdiction, that five land owners did not sign the petition and the notice was not posted as required by law are disproved by the recital of the record.

5. The statute sets forth what the report must contain and this report contains all that is required by the statute. (Ky. Stats., section 4293.)

6. It is no longer necessary to recite with particularity as required by the former statute. (Ford v. Cullins, 108 Ky. 553; Chamberlin v. Hignite, 39 Ky. Law Rep. 85.)

7. The exceptions below are ambiguous and are not as contended for in this case at present. ·

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This was a proceeding originally instituted in the Warren county court for the purpose of opening a road from the Louisville & Nashville pike to the Russellville road, a distance of about two miles. As it

was proposed to open the road across land owned by the appellant company, summons was issued against it, and it filed a number of exceptions to the commissioners' report. These exceptions being overruled, it appealed to the Warren circuit court, where the following judgment was entered: "This cause being submitted for judgment upon the exceptions of the Louisville & Nashville Railroad Company filed herein, and being advised, the court adjudges that said exceptions be and the same are hereby overruled, and that the judgment of the Warren county court be carried out and executed, which said judgment is in words and figures as follows. *  *  *"

There is no bill of exceptions or evidence in the record, which consists only of the record made in the county court and the judgment of the circuit court. Among the exceptions filed in the county court are the following: "(1) That previous to the making and entering of the order appointing said commissioners written or printed notices were not posted in five of the most public places in the district in which the proposed road is to be established, and said notices were not so posted 20 days prior to the term of this court at which said order was entered, as is required by law. (2) That the application was not signed by five landowners, or any landowners." It is further insisted that the judgment is erroneous because the record does not affirmatively show that the viewers were sworn, although it does not appear that the question was raised by exception, either in the county or circuit court.

Ky. Stats., 1903, section 4289, provides, that all applications to have a new road opened shall be by petition to the county court, signed by at least five landowners of the county; section 4290 requires that,

previous to the filing of the petition, notices thereof shall be given by posting written or printed advertisements in at least five of the most public places in the district or districts in which the road is to be located for at least 20 days prior to the term of court at which the petition is to be presented; and section 4291 directs that the commissioners appointed to assess the damages shall be sworn to faithfully and impartially discharge their duties under the law. In proceedings of this character it is indispensable that the petition shall be signed by at least five landowners and that the requisite notice shall be given. These are jurisdictional facts that must be made to appear in the county court, either by the record or by the introduction of evidence; and if exceptions are filed, pointing out that the required number of landowners did not sign the petition, or that the necessary notice was not given, the burden of proving these facts is upon the petitioners, as they must affirmatively show, if it is denied, that these steps necessary to give the court jurisdiction were taken. It is conceded that proof upon these controverted points was made in the county court, but insisted that, as the record does not show that any evidence was offered or heard in the circuit court, this court should reverse the judgment of the circuit court, because there is no evidence in the record in this court showing that the petition was signed by five landowners or that the necessary notice was given.

The statute (section 4303) provides that in cases of this character an appeal that may be prosecuted from the county court "shall be tried de novo, and from the decision of the circuit court either party may prosecute an appeal to the court of appeals, and the latter court shall have jurisdiction only of matters of

law arising on the record of such cases.'' So that, on an appeal to the circuit court, the case must be tried anew, without reference to what transpired in the county court. In other words, the exceptions filed in the county court, and brought by appeal to the circuit court, are to be disposed of in the circuit court without reference to what disposition was made of them in the county court; and as the exceptions put in issue the jurisdictional facts, whether or not the petition was signed by the requisite number of landowners and whether or not proper notice was given, it was necessary for the petitioners to prove in the circuit court that these two things had been done. And if the record affirmatively showed that no evidence upon these points was heard by the circuit court, the point made by appellant would be well taken; but the record does not so show, and in the absence of anything to the contrary we must assume that the circuit court did hear evidence in support of the propositions excepted to. The judgment recites that ''the court, being advised, adjudges that said exceptions be and the same are hereby overruled.'' It is not necessary that the record should affirmatively show that the circuit court heard evidence; nor does it follow that, because the certificate of the clerk recites that ''the foregoing pages contain a true, correct, and complete transcript of the entire record, summons and subpoenas excepted, of the case late pending in the Warren circuit court, in which the Louisville & Nashville Railroad Company was appellant and Paul E. Gerard et al. were appellees,'' no evidence was heard by the lower court. In disposing of the exceptions, the court had the right to hear oral evidence, and the appellant had the right to have it made a part of the record, and if it appeared from the bill of evidence that the petition was not

signed by five, landowners, or that the requisite notice was not given, this court would take notice of these fatal errors as matters of law shown by the record. But this it did not do, nor did it have put in the record anything showing that the circuit court did not hear evidence. With the record in this condition, we will presume that the court did hear evidence. As stated in Harvey v. Payne, 2 Metc. 451: "It is a well-settled legal principle that the inferior court must be presumed to have done right until the contrary appear. Everything necessary to sustain its judgment will be presumed which is not inconsistent with the facts stated in the record. The legal presumption is always in favor of the correctness of its decisions." To the same effect are Venable v. McDonald, 4 Dana 336; Kimberlin v. Faris, 5 Dana 533; Braxdale v. Speed, 1 A. K. Marsh. 105.

Our attention is called to the case of Mitchell v. Bond, 11 Bush 614, in which the court held that in a proceeding under the General Statutes to discontinue a road or erect gates across a road it was necessary that the record should show that the notice required by the statute was given. The statute that controlled the disposition of that case is different from the present statute applicable to road cases, under which this proceeding was instituted. Ford v. Collins, 108 Ky. 553, 56 S. W. 993; Chamberlaine v. Highight, 97 S. W. 396, 30 Ky. Law Rep. 85. So that the rule laid down in the Mitchell case must be considered as having been changed by the statute, and it is no longer applicable to proceedings in road cases.

In respect to the objection, made for the first time in this court, that the record does not show that the commissioners were sworn to faithfully and impartially discharge their duties, as provided in section

4291 of the Kentucky Statutes of 1903, we may say that, although the record does not show that they were sworn, this defect was waived by the failure to point it out by an exception in the county court. There is no reason why an error such as this may not be waived; nor is there any why a party desiring to avail himself of this objection should not call the attention of the county court to the failure or omission, so that, if in fact the commissioners have not been sworn, the error may be corrected without serious inconvenience or delay to the parties. It would entail unnecessary and unjustifiable expense and delay, and be opposed to the prevailing practice in this State, to permit a party to stand by with knowledge that the record in the county court disclosed a technical error, and fail to call attention to it in that court by an exception, and also ignore it in the circuit court, and for the first time make the point in a brief in this court. In the Chamberlaine road case, supra, the court said: "It is said that two of the commissioners who acted were not appointed by the county court, but their report cites that they were appointed by the county court. They were allowed by the county court to amend their report. They filed an amended report, and neither in the county court nor in the circuit court was any exception taken to their report on the ground that the commisisoners who acted were not the persons appointed by the county court. This objection, therefore, is not available here." The swearing of the commissioners is not a jurisdictional fact. True, it should be done; but, if it is not, the party desiring to except to the report for this reason should make his objection known in the county court by an exception there filed. Failing to do this, the error will be considered as waived.

It is further argued that, as section 4296 provides that, "when exceptions shall be filed by either party, the court shall, unless the parties agree that the court may try such issues, forthwith cause a jury to be empanelled to try the issue of facts made by the exceptions," the court had no right to render a judgment without the intervention of a jury, except by consent of the parties, and that the record should show such consent. The provision for a trial by jury does not apply to exceptions pointing out the errors herein mentioned. These errors are for the court, and not a jury. A jury need only be impaneled to try questions of fact growing out of the necessity for opening the road and the amount of damages awarded.

The judgment of the lower court is affirmed.