CASE 17.—ACTION BY JASPER STORY AGAINST R. B. LITTLE AND OTHERS.—Oct. 20, 1909.

## Story v. Little, &c.

Appeal from Fleming Circuit Court.

JAS. P. HARBESON, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1.  Highways—Petition to Open Road—Sufficiency.—Ky. St. 1909, Sec. 4288, provides that applications for opening roads shall be allowed only for the convenience of traveling to the county courthouse, to a public warehouse, an established town, etc. Section 4289 provides that applications to have a new road opened shall be to the county court signed by at least five landowners of the county, etc. Held, that a petition which is otherwise sufficient need not state that the proposed road was required to enable the petitioners to travel to one of the places named in section 4288.

2.  Highways—Establishment—Insufficiency of Petition—Demurrer.—Were it necessary that the petition should state that the proposed road was required to enable the petitioners to travel to one of the places named in Section 4288, Ky. St. 1909, the defect in failing to so state should have been taken advantage of by demurrer.

3.  Highways—Opening—Sufficiency of Petition—Review.—The failure of a petition for a new road to state that it was necessary to provide access to any of the places to reach which a public road may be established under section 4288, Ky. St. 1909, is immaterial on appeal from a judgment establishing the road, where the report of the commissioners shows its necessity in order to reach several of the places mentioned in the statute, as the necessity for the road will be determined from the entire record.

4.  Highways—Opening—Commissioner's Report—Amendment—Statutes.—While road commissioners could not amend their reports under the "General Statutes" under the Kentucky Statutes now in force, road commissioners may amend their report.

5. Highways—Petition for Road—Death of Petitioner.—Where one of six landowners, who had signed a petition for opening a road, died, it was not error for the circuit court to refuse to enter an order of revivor and to continue the case for that purpose, where there still remained five landowners concurring in the application, whose names still remained to the petition; Ky. St. 1909, Sec. 4289, only requiring the petition to be signed by five landowners.

6. Highways—Road Commissioner's Report.—The report of road commissioners was written in the office of the attorneys of the petitioners. One of the attorneys, at the request of the commissioners, calculated and arrived at the quantity of land that would be taken from each landowner for the proposed road. It is not claimed nor shown that the calculations were in any respect incorrect. The correctness of the report was testified to by the commissioners and approved by two juries which had viewed the entire route of the new road and lands over which it ran. Held, that in the absence of allegations and proof of fraud or undue influence on the part of the attorney as to the preparation of the report, the fact that the commissioners received the assistance of the attorney in the preparation of their report would not invalidate it.

7. Highways—Road Commissioner's Report.—Road commissioners took luncheon with two of the petitioners for a new road during their work of viewing the route of the proposed road. It does not appear that they were improperly influenced by the hospitality of the petitioners, nor was it shown that they were talked to on the subject of the road. Held, that it was not error to refuse to quash the report because of this, in the absence of testimony tending to show any improper conduct or conversation upon the part of the petitioners.

8. Highways—Establishment—Commissioners' Report.—It is not ground for dismissal of a petition for a public road that neither the petition nor the commissioners' report gives the width of the proposed road. The statute prescribing the commissioners' duties does not require their report to state the width, where the report which, with the petition, follows the statute, fixes the beginning and end of the road and the course and distances thereof, and where the order establishing the road fixes the width thereof at 30 feet, and makes the line of the survey the center thereof.

9. Highways—Turnpikes and Toll Roads—Establishment—Statutes.—The legislature, after having already passed a law

providing for the opening of all public roads (Ky. Stat. 1909. sec. 4289), later enacted the free turnpike statute (Ky. Stat. 1909, chap. 129, art. 6), which provided that all turnpikes thereafter constructed should be public roads. Sec. 4748b, subd. 5, provided that the fiscal court could acquire turnpike roads by gift, lease, or purchase, and provided for the construction of turnpikes when the public good demanded it, and subd. 6, declares all turnpikes so acquired or constructed to be public roads to be maintained by the fiscal court. Held, that the failure of the Legislature to provide a manner for opening turnpikes, as distinguished from other public roads, shows conclusively that it considered the earlier law, for the opening of public roads ample for the purpose, and proceeding to open either a public road or a turnpike may be had under the earlier statute.

10. Highways—Opening—Proceedings—Review—Court of Appeals—Scope.—Under the direct provisions of Ky. Stat. 1909, sec. 4303. relating to appeals in proceedings to open highways, the Court of Appeals have jurisdiction only of matters of law arising on the record.

11. Highways—Costs—Appeal—Refusal to Accept Damages.— Where a party refused to accept damages allowed him by the report of road commissioners, and failed to recover as much either in the county or circuit court, he was not entitled to the costs.

J. H. POWERS and R. J. BABBETT for appellant.

## AUTHORITIES CITED.

Sec. 4288, Ky. Stat.; Portland & Greenwood Turnpike Co. v. Bobb, 88 Ky. 226; Chamberlain v. Hignite, 97 S. W. 396; Vogle v. Bridges, 15 Ky. Law Rep. 6; Gen. Stat., sec. 7, art. 1, chap. 94; Ky. Stat. 4292-4293; Am. & Eng. Ency. of Law, 2d ed., vol. 24, p. 230; Lewis on Eminent Domain, sec. 423; Ky. Stat., sec. 4295; Louisville, St. Louis & Texas R. R. v. Barrett, 91 Ky. 487; Lewis on Eminent Domain, sec. 511; Stanton's Revised Stat. of Ky., vol. 2, chap. 84, art. 1, sec. 18; Gen. Stat., chap. 94, art. 1, sec. 20; Session Acts of the Legislature for the year 1893, chap. 232, art. 1, sec. 22; Ky. Stat., 4287-4347 inclusive; Secs. 4712 to 4748b inclusive, Ky. Stat.; Cyc., vol. 15, p. 5678; Ligare v. Chicago, 32 Am. St. Rep. 171; United States v. Certain Tract of Land, 70 Fed. 940; Elliott on Roads, pp. 147-8; Postal Telegraph Cable Co. v. Mobile & Ohio R. R. Co., 21 Ky. Law Rep. 1188; Lances Appeal, 53 Am. Dec. 722; Imlay v. W. B. Traction Co., 68 Am. Dec. 392; Brown v. Gerald, 109 Am. St. Rep. 526; Kansas City v. Hyde,

Story v. Little, &c.

113 Am. St. Rep. 766; Cyc., vol. 15, p. 85 2; Foster v. Chicago, &c. R. R. Co., 31 S. W. 529; Barnes v. Chicago, &c. R. R. Co., 33 S. W. 601; Ky. Stat., 889; Ky. Stat., 4289; Civil Code, secs. 363 to 367 inclusive, sec. 102; Ky. Stat., 4303; Hedges v. Downs, 2 Mich. 160; Mattingly v. Mosley, 2 Met. 443; Howards v. Maxwell, 98 S. W. 1013.

JNO. P. McCARTNEY and B. F. GRANNIS for appellees.

### AUTHORITIES CITED.

Ky. Stat., secs. 950, 4288, 4289, 4292, 4293, 4348, 4356, 4783; Civil Code, 102, 363, 565, 640, 727, 728; Gen. Stat., p. 1125; Chamberlain v. Hignite, 97 S. W. 396; Louisville N. R. Co. v. Gerard. 112 S. W. 915; Ford v Collins, 108 Ky. 553; Vogel y. Bridges, 15 Ky. Law Rep.; Hedges v. Downs, 2 Met. 160; Mattingly v. Mosley, 2 Met. 443; Howard v. Maxwell, 98 S. W. 1013; Louisville, St. Louis & Texas R. R. Co. v. Barrett, 91 Ky 487; Tingle v. Tingle, 12 Bush, 160.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appelleees, following the giving of the required statutory notice, filed in the Fleming county court a petition to obtain the opening of a public road through their own lands and those of appellant and others. Commissioners appointed by the court viewed the route of the proposed new road and duly assessed the damages that would result from its establishment to the persons over whose lands it would run, and thereafter made a report to the court showing performance of the duties required of them. Later an amended report was filed by them for the purpose of supplying certain omissions in the first report. The appellant, Jasper Story, being opposed to the opening of the road, filed numerous exceptions to the report of the commissioners. The issues of fact raised by the exceptions were tried in the county court by a jury resulting in a verdict sustaining the report, and the court thereupon entered judgment overruling the exceptions, confirming the report, and establishing

the road.   Appellant, being dissatisfied with the judgment, prosecuted an appeal to the  Fleming circuit court, and, the trial in that court having likewise resulted in a verdict in favor of appellees, appellant by the present appeal seeks a reversal of the judgment of the circuit court.

We will endeavor to pass upon such of appellant's exceptions to the report of the proceedings as we regard material.   His first objection is that the petition does not state the proposed new road is necessary for the convenience of the petitioners or others traveling to one of the several places mentioned in section 4888, Ky St., Section 4289, Ky. St., provides: ''Ap: plications to have a new road opened or a former one changed or discontinued, or to have the privilege of erecting gates across any such road, shall be by petition to the county court signed by at least five land owners of the county, which petition shall set forth, in writing, a description of the road, and what part thereof is to be altered or vacated.   If for a new road, the names of the owners and tenants of lands, if known, and if not known it shall be so stated, over which the road is to pass, the points at or near which it is to commence, its general course, and the place at or near which it is to terminate, and if to erect gates the place proposed for that structure.''  A reading of the petition will show that it contains the signatures of five landowners of Fleming county, and sets forth every fact required by the section, supra, to be therein stated.   This we think was sufficient, but if we were of opinion that the petition should have stated that the proposed road was required to enable the petitioners to travel to one of the places named in section 4288, and that the omission to state that fact in the petition made it defective, we should hold that the

defect was one that appellant should have taken advantage of by demurrer. The report of the commissioners shows that the road will be necessary to enable the petitioners and others to reach several of the places to which it is permissible under section 4288 to open a public road, and, in addition, the fact is abundantly established by the evidence appearing in the record. The question of whether the opening of a proposed road is or not necessary is to be determined by the court from the record as a whole.

Appellants complain that the county court improperly allowed the commissioners to amend their report, and, in support of this contention, his counsel cites the case of Mitchell v. Bond, 11 Bush, 614. That case was decided when the "General Statutes" were in force, the provisions of which, with respect to the road law, were in many respects unlike those of the present law on the same subject contained in the Kentucky Statutes. Ford v. Collins, 108 Ky. 553, 56 S. W. 993, 22 Ky. Law Rep. 251; L. & N. R. R. Co. v. Gerard (Ky.) 112 S. W. 915; 130 Ky. 18.

Under the present law the court has recognized the right of road commisiosners to amend their report and approved it as correct practice. Chamberlain v. Hignite, 97 S. W. 396, 30 Ky. Law Rep. 85.

We find no force in appellant's complaint that the circuit court after the death of Allen Boyse, one of the petitioners, failed to enter an order of revivor, and refused him (appellant) a continuance of the case for that purpose. The name of Boyse was one of six landowners appearing to the petition, and, as after his death there were still five landowners concurring in the application for the new road whose names

remained to the petition, an order of revivor was unnecessary following the death of Boyse.

We do not think the county or circuit court erred in refusing to quash the commissioners' report on appellant's motion because it was written in the office of appellee's attorneys. It does not clearly appear from the evidence by whom the report was written, but does appear that one of appellee's attorneys at the request of the commissioners calculated and arrived at the quantity of land that would be taken from each landowner, for the proposed road. It is not, however, claimed nor did the evidence show, that the calculations of the attorney were in any respect incorrect, and if, as there was some evidence to prove, it be conceded that the report of the commissioners was typewritten in the office and presence of the attorney and by his stenographer in the presence of the commissioners, that fact should not be held to invalidate the report, as it is not denied it was written by their direction or in conformity to their views, even though they may have received the assistance of the attorney in its preparation. Neither fraud nor undue influence on the part of the attorney with reference to the preparation of the report was alleged or proved, and its correctness was testified to by the commissioners and approved by two juries, one on the trial in the county and the other in the circuit court, who were permitted to view the entire route of the new road and the lands over which it ran before returning their verdicts.

Another of appellant's complaints is that the county and circuit courts refused to quash the report because of the fact that the commissioners took luncheon with two of the petitioners during their work of viewing the route of the proposed road. This ruling

of the court was not error. It does not appear from the evidence that the commissioners were improperly influenced by the hospitality of the petitioners, nor was it shown that they were talked to by the latter on the subject of the road while partaking of their hospitality. The commissioners were some distance from their own homes and not convenient to a hotel. Under the circumstances, and in the absence of testimony tending to show any improper conduct or conversation on the part of their hosts, we are unwilling to impugn the intelligence or condemn the work of the commissioners by assuming that they were influenced by the meal furnished them to make a report more favorable to the petitioners than was authorized by the law and facts.

Appellant further contends that the petition should have been dismissed because neither the petition nor the report of the commissioners indicates the width of the proposed road. The report of the commisisoners, like the petition, follows the statute. The report states the points of beginning and ending of the road to be opened, as well as the courses and distances thereof; and also the names of the owners over whose lands it will run. It does not, it is true, give the width of the road, nor does the statute defining the duties of the commissioners seem to require that their report shall indicate the width of the road. We find, however, that the width of the road, 30 feet, is fixed by the order establishing it, which also makes the line of survey the center. This we think sufficient. In the case of Tingle v. Tingle, 12 Bush, 160, the report of the viewers was excepted to because it failed to give the metes and bounds of the road to be opened. In overruling the exception the court said: "It was also objected that the report was defective because

it did not give the metes and bounds of the proposed change. The courses and distances are given, and the width of the road is fixed by the order establishing the alteration; but neither that order nor the report indicates on which side of the single line run and reported as the route the road is  located; and  the  question arises, Is the running of a single line on the proposed route a substantial compliance with the statute which requires the report to describe the route laid out and reported by metes and bounds and by general courses and distances?  *  .*  *  We are not aware of any case in which a report of viewers has been held insufficient because the road was not bounded by two parallel lines on the opposite sides of the road, including it within those external lines, but upon a careful examination of the reported cases we are satisfied that it has heretofore been deemed a sufficient meeting and bounding of a proposed road to fix with certainty and distinctness the points of beginning, of termination, and the location of the road from one to the other of those points by a survey and fixing the width of the road, making the line of survey the center thereof." According to the testimony of the commisisoners, the land of the appellant taken for the road is 30 feet in width, and he was allowed by the report for the quantity appropriated at the rate of $40 per acre.

Appellant insists that though the petition in this case seeks the establishment of a public road it is the purpose of the appellees and' the county court to convert it into a turnpike, which, it is claimed, cannot legally be done without a proceeding to condemn the right of way as and for a turnpike. We regard this contention unsound.  The present road law was in force when the Legislature on March 18, 1896, passed the free turnpike statute.  Article 6, c. 129, Ky. St.

By a vote under the latter law Fleming county made
all turnpikes in the county free.   Therefore all new
pikes constructed are to be such roads as the statute
declares them to be.   Subsection 5, Sec. 4748b, pro-
vides that the fiscal court may acquire all turnpikes
or gravel roads by gift, or lease, or purchase, and also
provides for the construction of turnpikes or gravel
roads when the public good demanded it.   Subsection
6 declares: "All turnpikes and gravel roads thus ac-
quired or constructed shall become public roads and
shall be maintained by the fiscal court."   We quite
agree with counsel for appellees that the Legislature,
having already enacted a statute providing the man-
ner of opening all public roads, and later enacting
that all turnpikes hereafter constructed shall be pub-
lic roads and maintained by the fiscal court as such,
declined to confuse the public mind and incumber the
statute with any re-enactment of a provision for the
manner of opening turnpikes as distinguished from
other public roads, and the fact that such provision
is omitted from the free turnpike statute is conclusive
that the Legislature regarded the public road statute
ample for the purpose.   As the converting of the
road in controversy into a turnpike cannot increase
or lessen appellant's damages or put him to any addi-
tional cost, and will  give him a  far  better road
through his premises than a dirt road, we are unable
to see any good reason for his opposition to the
change.

Several of appellant's exceptions  based upon al-
leged insufficiency of the evidence we deem it unneces-
sary to consider, further than to say that the two
juries regarded it sufficient to sustain the report of the
commissioners and upon it and their own inspection
of the route of the proposed road based their verdicts.

We have to do only with questions of law arising on the record, for section 4303, Ky. St. provides: "In all such cases the party aggrieved may prosecute an appeal within 60 days by executing bond as required in other cases to the circuit court of the county, and the appeal shall be tried de novo, and from the decision of the circuit court either party may prosecute an appeal in the Court of Appeals, and the latter court shall have jurisdiction only of the matters of law arising on the record of such cases."

Finally, appellant complains that the circuit court gave appellees judgment against him for costs. This was not error. Appellant, having refused to accept the damages allowed him by the report of the commissioners, and having failed to recover as much either in the county or circuit court he was not entitled to his costs and the circuit court properly so adjudged. As on the whole case the necessity for the road and its convenience to the traveling public seem to have been sufficiently established, and it is fairly apparent that the proceedings show a substantial compliance with the requirements of the statutes as to the opening of public roads, no reason is perceived for disturbing the judgment.

Wherefore it is affirmed.